[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2007
THOMAS K. KAHN
CLERK

No. 06-12016
Non-Argument Calendar

_____

D. C. Docket No. 05-00265-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN CHARLES BOONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 24, 2007)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Benjamin Boone appeals his 210-month sentence for possession and

distribution of child pornography, in violation of 8 U.S.C. §§ 2252A(a)(2), (b)(2) and (a)(5)(B), and a special condition of his supervised release requiring him to submit to polygraph testing and other assessments. Boone first argues that his sentence is unreasonable pursuant to the factors of 18 U.S.C. § 3553(a). He further argues that the disparity in punishment between those who view child pornography versus those who molest children is unreasonable, and that incarceration in his case is more harmful than helpful because there is no evidence that he poses a threat to the community. Boone next argues that the special condition of his release requiring him to submit to polygraph testing and other assessment instruments, violates his Fifth Amendment privilege against self-incrimination because polygraph testing may force him to risk revocation of his supervised release in order to assert his privilege. Finally, Boone argues that the district court erred by imposing 210 months' imprisonment for each count to run concurrently, because his second charge, possession of child pornography under § 2252A(a)(5)(B), carried a statutory maximum sentence of ten years.

## I.

Following <u>United States v. Booker</u>, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005), we have stated that the district court first must correctly calculate the defendant's guideline range. Then, using the § 3553(a) sentencing

factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment];
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 259-61, 125 S.Ct. at 764-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, as we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e]

record and the factors in section 3553(a)." Id. A sentence within the advisory guideline range is not per se reasonable, but we ordinarily expect such a sentence to be reasonable. See id. In Scott, we held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences. 426 F.3d at 1329-30.

Upon review of the record and the sentencing transcripts, and upon consideration of the briefs of the parties, we discern no reversible error as to this issue. The district court adequately and properly considered the § 3553(a) factors, in conjunction with Boone's personal history, the nature of the case and the purpose of sentencing. Therefore, the low-end sentence was reasonable.

## II.

A district court's imposition of a special condition of supervised release is reviewed for abuse of discretion so long as the objection was preserved for appeal, and will be reversed only if we have a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." United States v. Taylor, 338 F.3d 1280, 1283 (11th Cir. 2003) (citation omitted) (brackets in original). Boone objected to the condition of supervised release on Fifth Amendment grounds below, and, thus, it is preserved for appeal.

The United States Code allows the district court to impose any condition of

supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a). 18 U.S.C. § 3583(d). The Sentencing Guidelines permit the sentencing court to impose any conditions of supervised release that are:

> (1) reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with . . . medical care, or other correctional treatment in the most effective manner; and
> (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b). "While the Sentencing Guidelines recognize that a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." United States v. Zinn, 321 F.3d 1084, 1089 (11th Cir. 2003) (citation omitted). A state may generally require a probationer to appear and discuss matters that affect his probationary status without violating the Fifth Amendment. Minnesota v. Murphy, 465 U.S. 420, 435, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409 (1984). Furthermore, we already rejected the argument that a condition of supervised release requiring polygraph testing violates the Fifth Amendment generally. Taylor, 338 F.3d at 1284; Zinn, 321 F.3d at 1092

A challenge to a condition of supervised release requiring polygraph testing

5

"is neither premature nor speculative" because the defendant "will be subject to the challenged condition upon his release from prison." Id. at 1088. Although the condition itself is immediately appealable, "specific challenges to the implementation" of polygraph testing may not necessarily be ripe. Id. at 1089 (emphasis in original). Thus, while the defendant retains a privilege against self-incrimination, he does "not present a cognizable Fifth Amendment claim" when "there has been no potentially incriminating question or invocation of the privilege." Id. at 1091-92. Instead, a defendant may raise his Fifth Amendment claim "when [he] is forced to testify over his valid claim of privilege." Id. at 1092.

The district court did not abuse its discretion in requiring polygraph testing and other assessments as a condition of supervised release because Boone had an admitted history of viewing and distributing child pornography, as well as a troubled personal history. Thus, requiring polygraph testing to ensure compliance with his probationary terms is both reasonably related to Boone's offenses and history, and when reasonably applied, will not unduly burden his rights. Furthermore, Boone has not yet presented a cognizable Fifth Amendment challenge to the condition's implementation because he has not been released and no potentially incriminating questions have been asked. Accordingly, we affirm as to this issue.

6

## III.

"[W]e review the legality of a sentence de novo." United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005). In Moriarty, we vacated and remanded for clarification where the district court imposed a general sentence that exceeded the statutory maximum sentence for one of multiple counts because "such sentences are per se illegal in this circuit." Id. A defendant who is convicted of violating § 2252A(a)(5)(B) "shall be . . . imprisoned not more than 10 years." 18 U.S.C. § 2252A(b)(2).

The maximum statutory sentence for count two, possession of child pornography, is 10 years, see 18 U.S.C. § 2252A(b)(2), yet the district court sentenced Boone to 210 months' imprisonment concurrent in each case. The government concedes, and we agree, that the district court erred in this regard. Accordingly, we vacate and remand as to this issue.

**AFFIRMED IN PART; VACATED and REMANDED IN PART.**[1]

---

[1] Appellant's request for oral argument is denied.